UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 22-131 |
| DONALD HALE | SEC. "A" |

### ORDER AND REASONS

Before the Court is the Defendant's **Motion to Dismiss Indictment (Rec. Doc. 45)** filed by Defendant Donald Hale, regarding the June 2022 charge of felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Rec. Doc. 12). The Defendant moves for his indictment to be dismissed in light of the recent Supreme Court precedent of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Approximately 120 courts have ruled on this exact issue. This Court agrees with those courts and finds the statutes to be constitutional. The Defendant's motion is DENIED for the following reasons.

In the wake of the Supreme Court's recent decision in *Bruen*, courts across the country have addressed an increase in constitutional challenges of various prohibitive weapon restriction statutes. The Second Amendment to the U.S. Constitution provides: "[T]he right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. However, no right is unlimited. *District of Columbia v. Heller*, 554 U.S. 570 (2008). Therefore, pursuant to *Bruen*, the Court must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional. *Bruen*, 142 S. Ct. at 2129–30. First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct." *Id*. If the Second Amendment does cover the individual's conduct, the court then must

1

ask whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it pass constitutional muster. *See Id*. at 2131.

Without delving into post-*Bruen* analysis, the Fifth Circuit Court of Appeals has recently rejected post-*Bruen* challenges to the constitutionality of Section 922(g)(1) on plain-error review. *See, United States v. Roy*, No. 22-10677, 2023 WL 3073266, *1 (5th Cir. April. 25., 2023) (unpublished) (per curium); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054 *1 (April 25, 2023) (unpublished) (per curium).  Meanwhile, the Fifth Circuit has routinely upheld the constitutionality of 18 U.S.C. § 922(g)(1).  *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003) (Illustrating that legislative prohibitions on the ownership of firearms by felons are not considered infringements on the historically understood right to bear arms protected by the Second Amendment).  *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009) (Considering whether *Darrington* survived scrutiny in the post *District of Columbia v. Heller*, 554 U.S. 570 (2008) precedent.)  *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (reiterating that criminal prohibitions on felons possessing firearms did not violate the Second Amendment). Neither *Bruen* nor *Heller* changed prior case law prohibiting non-law-abiding citizens from the right to bear arms.  *See District of Columbia v. Heller*, 554 U.S. 570, 65–26, 128 S.Ct. 2783, 2816–17, 171 L.Ed.2d 637 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, ––– U.S. at ––––, 142 S.Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm ... [n]or have we disturbed anything that we said in *Heller* ... about restrictions that may be imposed on the possession or carrying of guns.").

This Court is well aware of the recent Fifth Circuit decision holding that 18 U.S.C.

§922(g)(8), which prohibits the possession of a firearm to a citizen under a domestic violence restraining order, is unconstitutional under *Bruen*. *See United States v. Rahimi*, 61 F.4th 443, 461 (5th Cir. 2023).   However, the holdings in *Rahimi* and *Bruen* are legally distinguishable from this case because § 922(g)(1) and § 924(a)(2) regulate a different class of people.   The *Rahimi* Court was not referring to a class of people who had been convicted of a felony. This is different from the criminal charge in the indictment in the present case.

Here, the Defendant moves this Court to dismiss the Indictment against him and to extend *Bruen* further than any court in this country has previously done.   For the same reasoning as the Fifth Circuit has consistently held, this Court declines to hold 18 U.S.C. § 922(g)(1) facially unconstitutional.   *Bruen nor Rahimi* upset this longstanding precedent, and this Court declines to do so here.

**ACCORDINGLY**;

**IT IS ORDERED** that the Defendant's **Motion to Dismiss Indictment (Rec. Doc. 45)** is **DENIED**.

New Orleans, Louisiana, June 5, 2023.

.

_____
Judge Jay C. Zainey
United States District Judge